IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DEDRICK WADE,** *Individually, and*
*on behalf of himself and others*
*similarly situated*

      Plaintiff,

      v.                                        Case No. _____

**PURPOSE RESIDENTIAL, LLC**         FLSA 216(b) Action
                                                      RULE 23 Class Action
                                                      JURY DEMANDED

      Defendant.

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

Named Plaintiff, Dedrick Wade ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former hourly-paid employees, brings this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Purpose Residential, LLC ("Defendant") and states as follows:

### I.   NATURE OF SUIT

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA overtime compensation rates of pay owed to Plaintiff and other similarly situated hourly-paid employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

1

2. This lawsuit also is brought as a Fed. R. Civ. P. 23 class action, alleging unjust enrichment claims under Tennessee common law.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendant in this district during all times material herein. In addition, Defendant has conducted business in this district during all times material.

## III. PARTIES

6. Defendant, Purpose Residential, LLC, is a Colorado limited liability company with its principal address listed as 7957 Cypresshead Drive, Suite 145, Parkland, Florida 33067. Defendant's registered agent for service of process is: Capitol Corporate Services, Inc. 992 Davidson Drive, Nashville, TN 37205-1051.

7. Plaintiff, Dedrick Wade, is an adult citizen of the United States and was employed as an hourly-paid employee of Defendant during all times relevant to this action. Plaintiff Wade's "Consent to Join" is attached as *Exhibit A*.

## IV. COVERAGE

8. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

9. During all time material, Defendant has earned more than $500,000.00 per year in gross sales.

10. Defendant has employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times material.

11. In addition, Plaintiff and those similarly situated have also engaged in interstate commerce on behalf of Defendant during all times material.

12. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## IV. FACTUAL ALLEGATIONS

13. Defendant has managed and maintained residential properties in Memphis, Tennessee; St. Louis, Missouri; Kansas City, Missouri, Columbus, Ohio; Independence, Missouri and in other cities across the nation during all times material to this action.

14. Plaintiff and those similarly situated were employed as hourly-paid employees of Defendant during all times pertinent.

15. Plaintiff was employed as an hourly-paid employee of Defendant in Memphis, Tennessee at all relevant times herein.

16. Defendant has had a "phone-in" timekeeping system to record the compensable work hours of Plaintiff and those similarly situated during all times material to this action.

17. Plaintiff and those similarly situated performed work in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

18. However, Defendant has had a common plan, policy and practice of refusing and failing to pay Plaintiff and those similarly situated the applicable FLSA overtime compensation rates of pay for all overtime hours within weekly pay periods during all times material herein.

19. Defendant failed to record all the compensable work hours of Plaintiff and those similarly situated into its timekeeping system during all times material.

20. In addition, Plaintiff and those similarly situated drove their own vehicles to and from their assigned job sites each work day within weekly pay periods - during all times material herein.

21. Each vehicle contained and hauled tools, equipment and other work-related items used by Plaintiffs and those similarly situated in the maintenance of Defendants' managed properties.

22. Each vehicle was parked at the homes of Plaintiff and those similarly situated during the evening "off-duty" hours for security purposes and for safeguarding such tools, equipment and related items.

23. Each morning at the start of their work day, Plaintiff and those similarly situated would load such tools, equipment and related items into their vehicles - and then transport them to their first assigned work site of the day.

24. Thus, the first principal work activity of Plaintiffs and those similarly situated each work day began with them loading such tools, equipment and related items into their vehicles.

25. Upon returning to their homes at the end of each work day, Plaintiff and those similarly situated would unload the tools, equipment and related items from their vehicles and store them at their homes for their security and safekeeping.

26. Therefore, the last principal work activities of Plaintiff and those similarly situated ended each day with them unloading the tools, equipment and related items from their vehicles and storing them at their homes.

27. The time between the aforementioned first and last principal work activities of Plaintiff and those similarly situated each work day constituted compensable work hours for which they were owed the applicable FLSA overtime compensation rates of pay for such hours during all times material to this action.

28. However, Plaintiff and those similarly situated were not paid for the compensable time between their first and last principal work activities each work day at the applicable FLSA overtime rates of pay within weekly pay periods during all time material herein.

29. Moreover, Plaintiff and Rule 23 class members were not reimbursed for their vehicle expense, such as gasoline and maintenance, in the use of such vehicles for the benefit of Defendant.

30. As a result, Defendant unjustly enriched itself by its failure to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant.

31. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiff and those similarly situated for all their work hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

32. Defendant also knew, and was aware at all relevant times, it failed to reimburse Plaintiff and other Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant.

33. Defendant willfully and, with reckless disregard of established FLSA compensation

requirements, failed to pay Plaintiff and those similarly situated the applicable FLSA overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

34. Defendant does not have a good faith basis for its violations of the FLSA.

35. Defendant failed to keep timely and accurate pay records of Plaintiff and those similarly situated as is required by the FLSA.

36. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

37. As a result of Defendant's willful failure to pay Plaintiff and those similarly situated in compliance with the applicable FLSA overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as other damages.

38. Defendant's scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable overtime was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and others similarly situated.

### V.   RULE 23 CLASS ACTION ALLEGATIONS

39. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of himself and other Rule 23 class members to recover vehicle expenses, as previously described.

40. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of himself and the following Rule 23 class members:

> All hourly-paid employees who were employed by Defendant in the State of Tennessee during the past three years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by Defendant (the "Rule 23 class").

41. As previously described, Plaintiff and Rule 23 class members were not reimbursed for their vehicle expense, such as gasoline and maintenance, in the use of such vehicles for the benefit of Defendant.

42. As a result, Defendant unjustly enriched itself by its failure to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant.

43. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

44. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether Defendant unjustly enriched itself by its failure to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant;

    (b) Whether Defendant failed to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant; and

    (c) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiff and the Rule 23 class members for such injury.

45. Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

46. Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

47. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

48. Plaintiff is an adequate class representative.

49. Plaintiff's unjust enrichment claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

50. Plaintiff and Rule 23 class members were subject to the same unlawful practices of Defendant in its failure to reimburse them all their vehicle expenses in the use of such vehicles for the benefit of Defendant.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

52. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

53. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings.

54. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

55. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

56. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

57. Plaintiff has engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unpaid wage claims of himself and other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses much of its practice on wage and hour claims under the FLSA and state laws.)

58. The law firm has represented numerous other employees asserting unpaid wage-related claims.

59. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

60. While the exact number of Rule 23 class members are unknown at this time and can be accessible via discovery, Plaintiff believes there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

61. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendant.

## VI.  MULTI-PLAINTIFF ACTION ALLEGATIONS

62. Plaintiff brings this action on behalf of himself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

63. Plaintiff seeks to send notice to the following similarly situated current and former hourly-paid employees of Defendant, to wit:

> All hourly-paid employees who were employed by Defendant in the Tennessee at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs").

64. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

65. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

66. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

67. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the overtime compensation owed them as a result of Defendant's unlawful plans, policies and practices.

68. In addition, Plaintiff and potential plaintiffs to this action are similarly situated in that

their unpaid wage claims are unified through common theories of Defendant's FLSA violations.

69. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interest of each such potential plaintiff.

70. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

71. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

72. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

73. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay plans, policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

74. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

75. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the overtime compensation owed them as a result of Defendant's unlawful plans, policies and practices, as previously described.

76. Defendant's failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA overtime compensation rates of pay

has violated the FLSA.

77. Defendant's common plans, policies and practices of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

78. Defendant has had actual knowledge of its failure to pay Plaintiff and potential plaintiffs all the applicable FLSA overtime compensation to which they are entitled.

79. Defendant's conduct, as described herein, was willful with reckless disregard of clearly established FLSA compensation requirements.

80. Defendant's violations were without a good faith basis.

81. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

82. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

83. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant, as previously addressed.

84. Defendant was aware it failed to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant.

85. Defendant's failure to reimburse Plaintiff and Rule 23 class members for their vehicle expenses in the use of such vehicles for the benefit of Defendant made it inequitable.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all others similarly situated, requests this Court to grant the following relief against Defendant:

A.  Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.  For an Order finding Defendant liable under the FLSA for unpaid overtime compensation owed to Plaintiff and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C.  For an Order finding that Defendant's violations of the FLSA were willful.

D.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiff and potential plaintiffs.

E.  For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.  An award of damages to Plaintiff and Rule 23 class members for their vehicle expense in the use of such vehicles for the benefit of Defendant.

G.  An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and Rule 23 class members;

H.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Date: January 7, 2026.      Respectfully Submitted,

              <u>*s/J. Russ Bryant*</u>
              Gordon E. Jackson (TN BPR #8323)
              J. Russ Bryant (TN BPR #33830)
              J. Joseph Leatherwood IV (TN BPR #39490)
              **JACKSON, SHIELDS, HOLT,**
              **OWEN & BRYANT**
              Attorneys at Law
              262 German Oak Drive
              Memphis, Tennessee 38018
              Telephone: (901) 754-8001
              Facsimile: (901) 754-8524
              *gjackson@jsyc.com*
              *rbryant@jsyc.com*
              *jleatherwood@jsyc.com*


              ***ATTORNEYS FOR PLAINTIFFS***
              ***AND FOR OTHERS SIMILARLY***
              ***SITUATED***